### LEWIS et al. v. TOWNSEND et. al.

(Supreme Court, Appellate Division, First Department. May 21, 1909.)

ACTION (§ 60*)—SEVERANCE.

In ejectment against landlords and tenants holding under them, where the question in controversy was whether plaintiffs or the landlord defendants were entitled to possession, and the landlords answered claiming a right to possession, plaintiffs were not entitled to a severance of the action and to final judgment for possession as against the tenants, who did not answer, which would give plaintiffs possession of the premises and enjoyment of the rent.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 60.*]

Appeal from Special Term, New York County.

Action by Grace E. Lewis and others against Charles De Kay Townsend and others, individually and as trustees under the will of Letitia A. Poillon, impleaded with others. From an order granting a motion for severance of the action and for leave to enter judgment against certain defendants, defendants appeal. Reversed, and motion denied.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Calvin D. Van Name, for appellants.

C. W. Jewell, for respondents.

SCOTT, J. This is an action in ejectment in which plaintiffs seek to obtain possession of certain real estate in the city of New York held by Charles De Kay Townsend and L. Bradford Prince as trustees under the last will and testament of Letitia A. Poillon, deceased. The defendants, other than Townsend and Prince, are tenants holding under them, and have not answered the complaint, leaving their landlords to dispute plaintiffs' claims. The order now appealed from severs the action and awards plaintiffs final judgment for possession of the premises against the tenant defendants, and directs a receiver of the rents hereinbefore appointed to account and pay over all sums collected by him, to the plaintiffs.

We are aware of no provision of law or rule of practice authorizing such an order under the circumstances. The question in controversy is whether the plaintiffs or the defendants Townsend and Prince are entitled to the possession of the premises. The possession of the tenant defendants is the possession of the trustee defendants. The present order, if carried out, would give plaintiffs all the relief they ask as well against the trustees as against the tenants; that is, possession of the real estate and enjoyment of the rents. The trustees have answered and assert a right to be continued in possession. This claim they are entitled to litigate, and they cannot be practically deprived of this right by a short cut which takes the property out of their hands without a hearing.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

### In re LIND'S ESTATE.

(Supreme Court, Appellate Division, First Department. May 21, 1909.)

1. TAXATION (§ 898*)—CONTINGENT ESTATES—ASSESSMENT FOR TRANSFER TAX—STATUTES APPLICABLE.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes